<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NORMAN MORSE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-6408 (SRC) |
| | : | |
| v. | : | OPINION |
| | : | |
| PAULA G. KAPLAN, et al, | : | |
| | : | |
| Defendants. | : | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendants Paula Kaplan and Sara Youner (incorrectly named in the Complaint as Younger) [docket entry no. 6]. Plaintiff has opposed the motion [docket entry no. 7]. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the motion will be granted.

In short, Plaintiff seeks to hold Defendants liable for alleged violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA") stemming from two debt collection letters written by Kaplan to Plaintiff. (Compl. at Ex. A and Ex. B). The Third Circuit has held that whether a least sophisticated debtor would be misled by a particular communication is a question of law. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000). Violations of §1692e (whether the letter is false, deceptive or misleading) will also be decided as a matter of law because like the "the interpretation of language in contracts or similar

written documents, [the analysis] does not turn on the credibility of extrinsic evidence, and therefore, presents a question of law." *Id*. (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432-33 (9th Cir. 1997)).

While the least sophisticated debtor standard "protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Quadramed*, 255 F.3d at 354-55 (quoting *United States v. Nat'l Fin. Svcs., Inc.*, (4th Cir. 1996)). The critical language in the Kaplan letters reads as follows:

> If any portion of this claim is disputed, you are to notify me *within 30 days of your receipt of this notice* indicating the dispute. If within that time you do indicate a dispute in writing, I shall provide you with the evidence supporting the validity of the debt. The debt will be assumed to be valid if you do not respond within *30 days*.

(emphasis added). Plaintiff argues that the least sophisticated debtor would be confused as to whether the debt would be assumed valid within thirty days of the date of the letter or within thirty days of receipt of the letter.

The relevant time period is clearly delineated in the first sentence above, "within 30 days of your receipt of this notice." It is clear that the debtor has 30 days to give notice indicating a dispute. If such notice is received, evidence supporting the debt will be provided; if no notice is given ("if you do not respond"), the debt will be assumed valid. It is obvious that all references to a time period in this excerpt reference the original "within 30 days of your receipt of this notice." Any other interpretation would be "bizarre or idiosyncratic." Accordingly, judgment is granted in favor of Defendants as to Count One of the Complaint.

Plaintiff also asserts that Defendants violated section 1692g(a)(5) of the FDCPA by

failing to indicate that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, *if different from the current creditor*." 15 U.S.C. § 1692g(a)(5) (emphasis added). Plaintiff has no cause of action here because the original creditor *was* the current creditor. (Paula Kaplan Aff. ¶ 7). Thus, judgment is granted in favor of Defendants as to Count Two of the Complaint.

Finally, Plaintiff argues that the violations described above also violated section 1692e(10) which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." A collection letter 'is deceptive when it can be reasonably read to have two or more meanings, one of which is inaccurate.'" *Quadramed*, 225 F.3d, at 354 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)). The Court has already determined that the "30 day" reference could not reasonably be read to have two or more meanings. Likewise, failure to distinguish between an original and a current creditor was the opposite of misleading as they are one in the same in the instant case. Therefore, judgment is granted in favor of Defendants as to Count Three of the Complaint.[1]

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

DATED: June 8, 2011

---

[1] Because judgment has been granted in favor of Defendants on all counts of the Complaint, whether Ms. Youner should be dismissed from this action is moot.